# 21-02901cv

To Be Argued By:
Torrey Terrial Townsend

# United States Court of Appeals

## for the

## Second Circuit

TORREY TERRIAL TOWNSEND
Plaintiffs-Appellants

V.

FIRST STUDENT
Defendant-Appellee
CSEA SEIU Local 2001
Defendant-Appellee

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF CONNECTICUT**
**3:18-cv-01684**

**REPLY-BRIEF FOR THE APPELLANT TORREY TERRIAL TOWNSEND**

Torrey Terrial Townsend ( Pro-Se )
39 Orchard Place New Haven, Connecticut
Email: Torrey.Townsend@yahoo.com
Telephone Number: 860-835-3710

1

# TABLE OF CONTENTS

Table of Contents……………………………………………………….. Pg. 2

Table of Authorities……………………………………………………Pg. 3

Statutes & Rules……………………………………………………….Pg. 4

Statement of Jurisdiction and Appellate Jurisdiction…………………………Pg. 5

   I.    Statement of the Issues Presented for Review . ……………………Pg. 6

   II.   Statement of Facts ……………………………………………………Pg. 6-8

**III.**   **Argument**…………………………………………………………….Pg. 8-12

      A. The District Court erred when not addressing specific element using the discriminatory treatment analyzed appling the burden-shifting framework of facts articulated by the defendant in stage two of a nondiscriminatory reason for defendants termination;set forth in McDonnell Douglas Corp. v. Green, 411.U.S. 792,802,(1973), or whether the Articulated reason was pretext for discrinination.

      B. The District Court erred when not considering the City of Police New Haven Police Department a Public Body alongside the Police Officer being an Officer, and the Police Reporting as an administrative action.

      C. The District Court erred when not considering that First Student and the Plaintiff were in a union contract that had progressive disciplinary steps, which the Plaintiff was not allowed to enforce, because of retaliation.

Certification of Compliance…………………………………………………..Pg.13

Antivirus Certification form…………………………………………………Pg.14

Certification of Service………………………………………………………Pg.15

# TABLE OF AUTHORITIES

McDonnell Douglas Corp. v. Green..............................pg 6

## STATUTES

28 U.S.C. § 1367 .................................................................................Pg. 5

28 U.S.C. §1341................................................................................. Pg. 5

28 U.S.C. § 1331 and 1343(a)(4).......................................................Pg. 5

TitleVII Claims……………………………………………… Pg. 9

## RULES

Fed. R. App. P. 4.........................................................Pg.6 Appendix Pg 5

## STATEMENT OF JURISDICTION

This is an appeal from an October 14, 2021 summary judgment case in the District of Connecticut (Judge Vanessa L. Bryant). Judgement entered on October 14, 2021 district court had 3 subject matter jurisdiction over this federal civil case, the court has original Jurisdiction of Plaintiff 42 U.S.C.§ 1981claim pursuant to 28 U.S.C. § 3231 and 1343 (a)(4). The Court has original jurisdiction of Plaintiffs Title VII claims pursuant to the aforesaid provisions, as well as through 42 U.S.C. § 2000e, et, seq. This Court has supplemental jurisdiction of the Plaintiffs Connecticut Constitutional claims and her CLRA claim pursuant to 28 U.S.C. § 1367, as amended The Plaintiff filed a timely notice of appeal under Fed. R. App. P. 4(b) on November 22, 2021.104.; Subsequently opening the Second Circuit App. case on November 23, 2021 This Court has jurisdiction over the defendant's appeal of pursuant to summary Judgment in accordance to Fed. Rule Civ.Price. Rule 56

## I. STATEMENT OF THE ISSUES

Whether the District Court erred when not finding the defendants at Stage two; of McDonnell Douglas Corp. v. Green.' burden-shifting framework; the employer must articulate a nondiscriminatory reason for its conduct.

## II. STATEMENT OF FACTS

1. The Plaintiff engaged in a protected Activity when making a police report, with a City of New Haven Police officer Gregory Dash( now Detective Dash ) on the morning of October 25, 2017 at 7:18am.(**see Plaintiff's Appendix pg 94-96**)

2. The Police Report case Status is Active according to the Police report; which was administratively printed on 5/8/2022 by Kireve, RecordsS08, all information is on the report( **see Plaintiff's Appendix pg 94**).

3. The Plaintiff engaged in a Statutorily protected expression when she did her Vehicle Inspection report according to Federal with 49 USC 31105

4. The plaintiff has the right to enforce the union contract Article 19 and Article 8 which she was not afforded that right under U.S.C 1981.

5. First Student Senior Manager Paul Demio admitted that the Plaintiff filing a police report with the City of New Haven was problematic during his Deposition.

6. First Student Senior Manager Paul Demio admitted he was aware of the plaintiff making a radio call and spoke to felix, about the bus having a wet seat, and asking for permission to go home, (**see Plaintiff Appendix Pg 12**)

7. First Student Senior Manager Paul Demio admitted that his decision to terminate was not based on the plaintiff driving her bus to her house and changing clothing.

6

**( see Plaintiff brief Pg 41-42 and App pg 12 for depo.)**

8. The termination letter written and signed by the First Student Senior Manager Paul Demio Stated the Plaintiff made an unauthorized stop; in his deposition he contradicted the termination letter by answering Attorney Eggerts Question, **And she then drove her bus back to her house behind her house and went to change her clothing, is that your understanding of the sequence of events?**

Paul Demio Answer. I don't know. That's one of the stories that I heard.

Q. One of the Stories you heard. Okay. And that didn't play into your decision to terminate her.

**Paul Demio Answer. "NO"**

Q. "NO"

**Paul Demio Answer "NO"**

9. It is a material fact that the unauthorized stop written on the termination letter played no role in First Student Senior Manager Paul Demio to terminate the Plaintiff. ( See Termination letter Plaintiff App Pg 79 ).

10. It is a material fact of the Vehicle Inspection Sheet required by State and federal Regulation law.

11. It is a material fact, during the Paul Demio Deposition, he admitted that the Daily Vehicle Inspection Report is a part of State Regulation. (see Pl. Appendix pg 88)

12. It is a material Fact that the Plaintiff requested to be Air Break endorsed byFirst Student on August 5, 2017.

13. It is a material fact that I was approved after being denied, but was terminated on November 17, 2017 after being put on Paid Administrative leave on October 26, 2017.

It is a material fact that the Plaintiff asked for her schedule to become mornings only, the plaintiff was denied.

### 1. Disclosure Statement absent of subsidiaries; which are relevant to fact presented in the Plaintiff complaint.

The disclosure Statement given by the defendant left out First Transit being apart of First Group of America Subsidiaries , First Transit is Contracted with Connecticut Department of Transportation and is contracted to run Ct Transit with a third subsidiary HMS Management which is also apart of First Transit, First Transit also runs First Student

### III. ARGUMENT

A. DEFENDANTS FIRST STUDENT GIVES NO EVIDENCE TOWARD THE PLAINTIFF'S FACTS REGARDING TERMINATION OR RETALIATION, ALL STATEMENT MADE BY THE DEFENDANT IS PRETEXT FOR DISCRIMNATION.

### Title VII racial and U.S 1981 discrimination claim

To prove a Title VII racial discrimination claim, the plaintiff must prove the following elements to make out a prima facie case: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) (1)The plaintiff Torrey Terrial Townsend asserts she is an African American who is a Dark skin black female and is a member of a protective class.(2)The Plaintiff asserts she was at all time relevant and still a CDL holder with an S (school bus ) endorsement with P ( passenerger ) endorsement.(3)The plaintiff suffered an adverse employment action by Paul Demio Senior Location Manger, who terminated the Plaintiff employment based on pretext for discrimiation.

First student senior manager has a history of treating situations involving the Plaintiff and other non Black/ African American employees differently when it comes to the enforcement of policies and investigations according to contracts.

    Stating in January 31, 2017 there was an incident between me and another driver Sara Evan she is an hispanic female, Mrs. Even's call me a nigga while threaten to punch the plaintiff in the face and and beat my ass, the saftey Manager Denise Kelly document video footage from bus sara's bus camera on 2/7/2017, Safety Manager Densie Stated in her report that sara stated out loud with students on the bus, That's the chick I had the problem with, she called the Cops on me, I dont like that girl, I am going to beat her up at my job.( Def. SA g299) the report also states we were both forced to write a written report about the incident for the investigation. The plaintiff called the co that day, see Def. SA 299 and 300.During Paul Demaio Deposition he was aware of the incident the racial slur along with Sara Evan threaten me with her children present, the still claimed I was the instigator, there was no follow up sara evans incident and no discipline taken for her racial remarks towards the plaintiff. See Def. SA 237 and 238

    On October 25, 2017 there was an incident involving the Plaintiff driver seat being soaking wet, The plaintiff reported it to dispatch and asked to go home and change her clothing. The Plaintiff was give permission to go home and change her clothing. When I arrived home I saw a police officer in the parking lot of my house and my police report about the incident. I was called back to base around 12pm so management could pull video( same day) the night day I was being placed on paid Administrative leave for honking the horn.

During deposition Mr Demio stated calling the police became problematic and he decision to terminate me was not because I was at my house, he lied and stated on the termination letter that I did no do pre-trip when in fact on the email provided my Assistant Manager Vas, state I didn't

9

do it per-zonar, because I did competed a Paper version of DVIR( daily vehicle inspection report) First Student Senior Location Manager also Claimed I was rude to a Security Guard there was no mention of a Security Guard in Assistant Manager Vas report, this information was given during Paul Demaio Deposition see Def. SA g 255.

The defendant First Student has not met their burden of Stage two, articulating a nondiscriminating reason for termination. Here is what we know to be facts, 1.Frist student has not been compliant with the State or Federal regulation of DVIR(daily vehicle inspection report).2. Senior Location Manager knows that the law requires paper inspection reports but insist that they are being phased out with no evidence relating to this statement.3.The email report by Assistant Manager Vas never said I did pre-trip it stated per-zonar.4. There was a similar incident of complaint of racial slur given to the senior location manager Paul Demio between Sara evan and Plaintiff Torrey Terrial Townsend no discipline towards sara evans by I was call an instigator during is testimony in the deposition, during the second incident which was a complaint of a horn and being rude, I was terminated with no written report or even comment of what I said back and forth with the alleged security guard, Lied on by Senior location Manage Paul Demio because I made a police report which was recorded in the written email by Assistant manager Vas. Both complaints were treated differently because of race.

REFUSAL TO ENFORCE UNION CONTRACT

First Student Senior location Manager Paul Demio Jr., neglected to get a wriiren complaint from City of New Haven Board of Education Teddy Bearos.

First Student Senior location Manager Paul Demio Jr., Never gave me an opportunity to gravie the complaint Allegetly made by the Seceruity Gaurd,

First Student Senior location Manager Paul Demio Jr. according to First Student policy was not suppose to intaginize remove of drive.

The union Contract Has progressive discipline which the plaintiff was never given that right.

First Student Senior location Manager Paul Demio, lied on the termination letter Stating I did not do per-trip when the email he received Stated per-zonar.

First Student Senior location Manager Paul Demio, claims I was interacting with a security Guard and the report mention nothing about a security Gaurd, only the olice officers and I conversation when I file The police report.

First Student Senior location Manager Paul Demio, Never gave any names of school officals who made the allegedly made the via phone complaint, at this point it could of been anyone.

City of New Haven Board Of Education has Never Verified any of First Student Senior location Manager Paul Demio, allegation in writing durin g this process, and First Student has never provide and written information from the School verifying any allegation about the horn blowinng or interaction with the security Garud.

First Student Senior location Manager Paul Demio, violate Artical 19 of the union contract and Aritical 8

First Student Senior location Manager Paul Demio, at all time relevant worked for Dattco for Eight year as the Director of Contract Management, Contact Service. He has knowledge about contact enforcement. Pg 15 of Paul Demio's Depostion

SCHEDULE REQUEST

First student Senior Location Manager aul Demio does not have the authority to stop part-time work First student via First Transit in Cincinnati Ohio for Middletown Ave New Haven Ct. is hiring a school bus driver fully licensed part-time with a 5000 sign on bonus. His statement about grandfather again is him overreaching his authority. I am fully qualified and applied for this job.

AIRBRAKE

First Student Locations have air brakes in areas that have less minorities Dariean, stamford, fairfield Ct, which air brakes are safer and gives more opportunity for other employment with an already limited hours.

Respectfully Submitted

Miss.Torrey Terrial Townsend

39 Orchard Place

New Haven, Ct 06511

Torrey.Townsend@yahoo.com

860-835-3710

**Federal Rules of Appellate Procedure Form 6. Certificate of Compliance With Rule 32(a)**

Certificate of Compliance With Type-Volume Limitation, Typeface Requirements and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed.R. App. P.32(a)(7)(B) because:

X this brief contains 8,374 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

x this brief uses a monospaced typeface and contains 767 lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii)

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

X this brief has been prepared in a proportionally spaced typeface using [Microsoft Word 2013] in [14 point type Times New Roman Style]

13

Antivirus Certification form

**CASE NAME:** Townsend V. First Student

**DOCKET NUMBER:** 21-2901

I certify that the PDF version of the Defendant-Appellee's Brief that was filed electronically in CM/ECF has been scanned for viruses and that no viruses were detected.

Please print the name and version of the anti-virus detector that you used: Symantec Endpoint Protection 12.1.5 Virus Definition Version Rev. 4. (January 22, 2022)

/s/TorreyTown
Torrey Terrial Townsend
June 23, 2021

Miss. Torrey Terrial Townsend

39 Orchard Place

New Haven, Ct 06511

Torrey.Townsend@yahoo.com

860-835-3710

## CERTIFICATION OF SERVICE

This is to certify that on September 27, 2022, the foregoing was filed electronically with the U.S. Court of Appeals for the Second Circuit. Notice of this filing will be sent by email to all parties by operation of the Court(s) electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system. Three of the Brief and appendix copies were sent via U.S: on September 27, 2022 because of the holiday.

**U.S. Court of Appeals for the Second Circuit 40 Foley Square, Thurgood Marshall Courthouse New York, NY 10007**

And one copy was sent electronically and also via U.S. Mail:

**Maura A. Mastrony (ct27787)**
**Littler Mendelson,**
**P.C. One Century**
**Tower 265 Church Street-Suite 300**
**New Haven, CT 06510**
**Telephone: 203.974.8700**
**Facsimile: 203.974.8799**
**mmastrony@littler.com**

Miss.Torrey Terrial Townsend

39 Orchard Place
New Haven, Ct 06511
Torrey.Townsend@yahoo.com
860-835-3710